JOHN DOE, Assignee in Insolvency, *vs.* RICHARD ROE.

Franklin. Opinion February 4, 1897.

*Insolvency. Fraudulent Conveyance. R. S., c. 70, § 52.*

The assignee of an insolvent debtor may recover in an action of money had and received, under R. S., c. 70, § 52, the proceeds of notes and claims that have been transferred by the debtor while acting in contemplation of insolvency and with the view of preventing the property from coming to the assignee, when it appears that the person so receiving the property had reasonable cause to believe the debtor was so acting and with that view.

Of the facts that constitute such reasonable belief.

ON REPORT.

The case is stated in the opinion.

PER CURIAM. Both James Roe, the insolvent debtor, and Richard Roe, the defendant, admit that early in July, 1895, a few days before the filing of the petition in insolvency, Richard received from James notes and claims against various parties of the face value of $1251.25, and by both declared to be of that value. The evidence admissible against James, the insolvent, especially the testimony of Smith, fully establishes the proposition, that in making such transfer he was acting in contemplation of insolvency, and was making the transfer with a view of preventing the property coming to the assignee, etc., as set forth in § 52 of the Insolvency Statute. (R. S., c. 70.)

The remaining question is, does the evidence admissible against Richard, the defendant, (excluding the testimony of Smith and others affecting James alone) show that he had reasonable cause to believe that James was so acting and with that view?

We think it does. The following circumstances among others appear from the statements of James and Richard:—Richard at the time was in debt, so much so that he dared not keep any bank account in his own name. The transaction was a very unusual one for each of them. It included nearly all of James' assets. There was no discount from the face of the claims. Richard did not know the debtors and made no inquiries about them. James did not want bank funds, but currency, and Richard says he went to much trouble to get the currency. Immediately after receiving the claims and notes he turned them over to his mother and wife and one Brown, whose given name he does not know, but who had been a student in his law office. He refused to give the assignee any account of them and advised James not to do so. He was brother to James and was to some extent his attorney. Generally, without further specification, the whole tone and tenor of the statements of Richard in response to his examination before the Court of Insolvency imposes upon the court the belief that the transaction was intended by both James and Richard to defeat the operation of the insolvent statute.

This being the result the court must render judgment that the

defendant be defaulted for the admitted sum of $1251.25 with interest from the date of the writ.

*Ordered accordingly.*